# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN M. BARTLETT,<br><br>    Petitioner,<br><br>v.<br><br>PAUL PENZONE,<br><br>    Respondent. | Case No. 1:19-cv-01370-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>(ECF No. 2) |

Petitioner Alan M. Bartlett is proceeding *pro se* with a petition for writ of habeas corpus. Given that Petitioner does not reside within this judicial district, does not appear to be incarcerated based upon any judgment issued within this judicial district, and does not challenge his underlying conviction or the fact or duration of his confinement, the undersigned recommends that the petition be dismissed.

## I.

## DISCUSSION

**A. Motion to Proceed *In Forma Pauperis***

Petitioner has filed a motion to proceed *in forma pauperis*. (ECF No. 2). In order to proceed in court without prepayment of the filing fee, Petitioner must submit an affidavit

1

demonstrating that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Although there is no set formula to determine whether a certain income level meets the poverty threshold under § 1915(a)(1), courts have looked to the federal poverty guidelines developed each year by the Department of Health and Human Services. See Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009); Johnson v. Leohane, No. Civ. 08-00432-ACK-KSC, 2008 WL 4527065, at *1 (D. Haw. Oct. 9, 2008); Johnson v. Spellings, 579 F. Supp. 2d 188, 191 (D.D.C. 2008).

The Court has evaluated whether Petitioner meets the standard to proceed *in forma pauperis* according to 28 U.S.C. § 1915. Based upon the information in his motion to proceed *in forma pauperis*, the Court finds that Petitioner is indigent and unable to pay the filing fee. Accordingly, Petitioner's motion to proceed *in forma pauperis* is granted.

**B. Federal Habeas Corpus Jurisdiction**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

"District courts are limited to granting habeas relief 'within their respective jurisdictions.' 28 U.S.C. § 2241(a). We have interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 495 (1973)). Additionally, when a state prisoner files a habeas petition in a state that contains two or more federal judicial districts, the petition may be filed in either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. 28 U.S.C. § 2241(d).

It appears from the petition that Petitioner was convicted in 2015 in the United States District Court for the District of Alaska and is currently in custody at the Lower Buckeye Jail in Phoenix, Arizona. (ECF No. 1 at 1, 6).[1] Based on the information contained in the petition,

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

Petitioner is not presently confined in the Eastern District of California and was not convicted and sentenced in this district. Accordingly, this Court lacks jurisdiction over the instant petition.

Additionally, the federal habeas statute provides that a district court may entertain a habeas application by a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). A claim is cognizable in federal habeas corpus when a petitioner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).

Here, Petitioner asserts that the State Bar of California violated his constitutional rights with respect to his misconduct claims against various attorneys. (ECF No. 1 at 1, 6–14). On the face of the petition, Petitioner does not challenge any aspect of his underlying conviction or the fact or duration of his confinement. As the petition also fails to state a cognizable claim for federal habeas relief, it should be dismissed.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). However, as Petitioner is not presently confined in the Eastern District of California and was not convicted and sentenced in this district, the Court finds that these jurisdictional issues cannot be cured by amendment.[2]

## II.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that that the petition for writ of habeas corpus be DISMISSED.

Further, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed *in forma pauperis* (ECF No. 2) is GRANTED; and
2. The Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

---

[2] This conclusion does not preclude Petitioner from attempting to pursue cognizable federal habeas claims in the district Petitioner is currently confined or in the district Petitioner was convicted and sentenced.

3

1   This Findings and Recommendation is submitted to the assigned United States District
2   Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
3   Rules of Practice for the United States District Court, Eastern District of California. Within
4   **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file
5   written objections with the court and serve a copy on all parties. Such a document should be
6   captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned
7   United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28
8   U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified
9   time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d
10  834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 17, 2019**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE